```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AVAIL 1 LLC,                                    :
                                                :
                        Plaintiff,              :
                                                :          REPORT AND RECOMMENDATION
              -against-                         :
                                                :          17 Civ. 5841 (FB) (VMS)
FATAMA LATIEF; and NEW YORK CITY                :
ENVIRONMENTAL CONTROL BOARD,                    :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------------------------X
```

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiff Avail 1 LLC ("Avail") brought this diversity action against Defendants Fatama Latief ("Ms. Latief"), and the New York City Environmental Control Board ("ECB") (collectively, "Defendants") to foreclose and reform a mortgage encumbering property located at 111-36 178th Street, Jamaica, New York (the "Property"). See generally Compl. ¶ 1, ECF No. 1. Before this Court on referral from the Honorable Frederic Block is Plaintiff's motion for default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55.2. See ECF No. 25. For the reasons stated herein, the Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part.

**I.   BACKGROUND**

The following facts are derived from the Complaint ("Compl."), ECF No. 1; Plaintiff's moving papers and documents in support of its Motion for Default Judgment, including a copy of the note ("Note") and mortgage ("Mortgage") signed by Defendant Fatama Latief in connection with her mortgage of the Property. ECF No. 25, et seq. Facts relating to the procedural history of the case are drawn from the docket.

1

**A. Factual Background**

Plaintiff Avail, a limited liability company organized under Delaware law, with its principal place of business located in Coral Gables, Florida, is the holder of the Note secured by the Mortgage on the Property. Compl. ¶¶ 2-4, 14. Defendant Fatama Latief is the owner of the Property and believed to be a citizen of the State of New York. Id. ¶ 5. Defendant ECB is a New York City entity that has "filed liens and/or judgments against the Subject Property and/or the owner of the Subject Property." Id. ¶ 6.

On or about June 19, 2006, Ms. Latief executed the Mortgage and Note on the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Just Mortgage, Inc., to secure the sum of $484,000.00 plus interest as provided therein. Id. ¶ 10-11. The Note and Mortgage were recorded with the City as CRFN: 2016000129943 in the Office of the Register of the City of New York for the County of Queens, and were subsequently transferred to Plaintiff. Id. ¶ 12-14.

Beginning on November 1, 2008, Ms. Latief failed to make the monthly installment payments required under the terms of the Note and Mortgage. Id. ¶ 15. On May 19, 2017, pursuant to the contractual provisions in the Note and Mortgage, Default Notices to cure were sent to Ms. Latief notifying her of her default. Id. ¶ 16. On that same day, and pursuant to RPAPL § 1304, Plaintiff sent a 90-day pre-foreclosure notice to Ms. Latief. Id. ¶¶ 16-17. Plaintiff also subsequently filed a notice with the New York State Department of Financial Services pursuant to RPAPL § 1306. Id.

### B. Procedural Background

Plaintiff filed the present action against Defendants on October 5, 2017. See generally, Compl. Thereafter, Plaintiff filed a summons returned executed pertaining to defendant ECB. ECF No. 8. As discussed further below, following Plaintiff's unsuccessful attempts to serve Ms. Latief, inter alia, personally, this Court authorized service on her by publication. ECF Nos. 9-14, 16-20. After Defendants failed to respond to the Complaint or otherwise appear, the Clerk of Court entered default against Defendants at Plaintiff's request. Request for Certificate of Default, ECF No. 23; Clerk's Entry of Default, ECF No. 24. Plaintiff then filed its motion for default judgment. See ECF No. 25 et seq. Plaintiff seeks an order directing the Clerk of Court to enter default judgment against Defendants, for a judgment of foreclosure and sale, and to reform the Mortgage. Id. As of the date of this report and recommendation, Defendants have not appeared in this matter. See generally Dkt.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55 establishes a two-step procedure by which a party may obtain a default judgment. See Bricklayers & Allied Craftworkers Local 2, Albany, NY Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, if a party has failed to plead or otherwise defend against an action, the clerk of court must enter a certificate of default by making a notation on the record. See Fed. R. Civ. P. 55(a). Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R. Civ. P. 55(b). The trial court has "sound discretion" to grant or deny a motion for default judgment.

3

See Enron Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard").

The court must therefore ensure that (1) Plaintiff completed each of the required procedural steps to move for default judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law.  See SAC Fund II 0826, LLC v. Burnell's Enter., Inc., 18 Civ. 3504 (ENV) (PK), 2019 U.S. Dist. LEXIS 193952, 2019 WL 5694078, at *4 (Sept. 7, 2019), R & R adopted, 2019 U.S. Dist. LEXIS 197737, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)); see Bhagwat v. Queens Carpet Mall, Inc., 14 Civ. 5474 (ENV) (PK), 2017 U.S. Dist. LEXIS 192728, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A motion for default judgment will not be granted unless the party making to motion adheres to all of the applicable procedural rules.").

**III.   SERVICE**

"A default judgment is ordinarily justified where a defendant fails to respond to the complaint."  SEC v. Anticevic, No. 05 Civ. 6991 (KMW), 2009 U.S. Dist. LEXIS 111008, at *6 (S.D.N.Y. Nov. 30, 2009) (citing Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984)).  "Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process."  Sik Gaek, Inc. v. Yogi's II, Inc., 682 F. App'x 52, 54 (2d Cir. 2017) (citing 10A Charles Alan Wright, et

4

al., Fed. Prac. & Proc. § 2682 (4th ed.)); see Local Civil Rule 55.1 ("A party applying for entry of default under Fed. R. Civ. P. 55(a) shall file: . . . an affidavit demonstrating that . . . the pleading to which no response has been made was properly served."); Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd., No. 00 Civ. 2389 (RMB), 2005 U.S. Dist. LEXIS 35011, 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment obtained by way of defective service is void ab initio and must be set aside as a matter of law.") (quotations omitted).

Pursuant to Rule 4(e)(1), service may be effected in accordance with the service rules of the state in which the district is located or service is made. Section 308 of the New York Civil Practice Law and Rules ("NYCPLR") sets forth the acceptable methods of personal service on a natural person, including service "in such manner as the court, upon motion without notice, directs, if service is impracticable" under NYCPLR §§ 308(1), (2), or (4). NYCPLR § 308(5).

"The meaning of 'impracticable' depends on the facts and circumstances of a particular case." Rampersad v. Deutsche Bank Secs., Inc.. No. 02 Civ. 7311 (LTS) (AJP), 2003 U.S. Dist. LEXIS 7861, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (citing Markoff v. South Nassau Cmty. Hosp., 458 N.Y.S.2d 672, 673 (2d Dep't 1983)). In this matter, the Court found service impracticable under NYCPLR §§ 308(1), (2), and (4) based on, inter alia, the Affidavit of Due Diligence and Attempted Service upon Ms. Latief, sworn by Rosemary A. LaManna, Sr. Vice President of Alstate Process Service, Inc. See ECF Nos. 16-4; 20-1. This affidavit detailed the efforts of Ms. LaManna and her agents to personally serve Ms. Latief at the Property and other potential addresses: 590 Mount Avenue in West Babylon, New York, and 3562 Mynders Avenue, Apartment 13, in Memphis, Tennessee. Id. The affiant further described her efforts to obtain Ms. Latief's address from multiple United States Post Offices, the Department of Motor

5

Vehicles of the State of New York, the New York City Board of Elections, the Surrogate's Court of Queens County, and the Department of Defense Manpower Data Center.[1]  Id.  She also described efforts to contact Ms. Latief by mail, email and telephone at a variety of addresses and telephone numbers.  Id.  Based on this record, as well as Ms. Latief's failure to appear in this action and all conferences held to date herein, this Court found personal service via NYCPLR §§ 308 (1), (2), and (4) to be impracticable.  ECF Nos. 17, 20-21; see Dkt. generally; see also SEC v. Premier Links, No. 14 Civ. 7375 (CBA) (RLM), 2015 U.S. Dist. LEXIS 198157, at *3 (E.D.N.Y. Apr. 28, 2015) ("Courts have found service by traditional methods to be impracticable where defendants could not be located through searches of computer databases or where diligent attempts were made to serve defendants at their last known addresses.") (citations omitted).

This Court therefore authorized service by publication, pursuant to NYCPLR §§ 308(5), 314, 315, and 316.  ECF Nos. 17, 20-21.  In accordance with this Court's Order and NYCPLR § 316, notice to Ms. Latief was published in Newsday and Queens Tribune, in English, once a week for four consecutive weeks, within 30 days of the Court's order.  ECF No. 22.  Thus, Ms. Latief was properly served with notice of this action.

NYCPLR § 311(a)(2) provides that service "upon the city of New York" is to be made "to the corporation counsel or to any other person designated to receive process in a writing filed in the office of the clerk of New York county."  Plaintiff properly served defendant Environmental Control Board by serving the New York City Corporation Counsel at 100 Church

---

[1] This search indicated that Ms. Latief was not on active military duty.  ECF No. 16-4 p. 4.

Street, New York, New York, an authorized agent of the ECB.[2]  ECF No. 14 p. 2.  In sum, this Court recommends finding that service on Defendants was sufficient.

### IV.     Plaintiff Complied With Local Rule 55.2

Local Rule 55.2 of the United States District Courts for the Southern and Eastern Districts of New York sets forth certain additional requirements for parties seeking default judgment.  Specifically, and in pertinent part, "the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."  Local Civ. R. 55.2(b).

Local Civil Rule 55.2(c) also requires that "all papers submitted to the Court" in support of a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)."  Local Civ. R.

---

[2] The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Admin. Code & Charter Ch. 16 § 396; see Radin v. Tun, No. 12 Civ. 1393 (ARR) (VMS), 2015 WL 4645255, at *6 (E.D.N.Y. Aug. 4, 2015).  Service "upon the city of New York" is to be made "to the corporation counsel or to any other person designated to receive process in a writing filed in the office of the clerk of New York county."  NYCPLR § 311(a)(2); see Fed. R. Civ. P. 4(j)(2).

Here, Plaintiff did not name the City of New York as a defendant.  Instead, Plaintiff named the ECB which, to the extent it is a New York City agency, is not a suable entity.  Nevertheless, "[w]hen claims 'are brought against non-suable entities,' the [c]ourt may construe them 'as brought against the City of New York.'"  Alleva v. N.Y.C. Dep't of Investigation, 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010), aff'd, 413 F. App'x 361 (2d Cir. 2011) (quoting Thompson v. Grey, No. 08 Civ. 4499 (JBW), 2009 WL 2707397, at *5 (E.D.N.Y. Aug. 26, 2009), aff'd, 385 F. App'x 54 (2d Cir. July 20, 2010)).  Thus, Plaintiff's claims against the ECB are construed as against the City of New York, which received notice of this action through service on an authorized agent.

7

55.2(c).  "Proof of such mailing shall be filed with the Court." Id.  "It is important that individuals be given notice that a party is asking the Court to enter a default judgment against them. The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served on the individual's residence." Miss Jones, LLC v. Viera, 18 Civ. 1398 (NGG) (SJB), 2019 U.S. Dist. LEXIS 19510, at *12, 2019 WL 926670, at *4 (Feb. 5, 2019), R & R adopted, 2019 U.S. Dist. LEXIS 30368, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019).

Plaintiff has provided the Clerk's certificate of default, a copy of the claim, and a proposed form of default judgment in connection with the instant motion. See ECF Nos. 25-3, 25-4, 25-6.  Plaintiff also filed an affidavit of service with the Court at ECF No. 25-7, confirming that it served the within notice of motion for a default judgment and supporting documents on Ms. Latief at the Property and defendant ECB at 100 Church Street, New York New York. ECF No. 25-7.  The Court recommends finding that the requirements of Local Rule 55.2 have been met.

## V.     The Factors Relevant To A Default Judgment Are Satisfied

When considering whether to grant a default judgment, a court must be "guided by the same factors [that] apply to a motion to set aside entry of a default." First Mercury Ins. Co. v. Schnabel Roofing of Long Island, Inc., 10 Civ. 4398 (JS) (AKT), 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011); see Enron Oil, 10 F.3d at 96.  These factors include: (1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether the defaulting party has presented a meritorious defense. See Swarna v. Al-awadi, 622 F.3d 123, 142 (2d Cir. 2010); Enron Oil, 10 F.3d at 96.

As to the first factor, a defendant's failure to respond to the complaint after service is sufficient to demonstrate willfulness.  See Bds. of Trs. v. Frank Torrone & Sons, Inc., No. 12 Civ. 3363 (KAM) (VMS), 2014 U.S. Dist. LEXIS 22282, 2014 WL 647098, at *4 (Feb. 3, 2014) (the defendant's non-appearance and failure to respond equated to willful conduct), R&R adopted, 2014 WL 674098 (E.D.N.Y. Feb. 21, 2014); Traffic Sports USA v. Modelos Restaurante, Inc., No. 11 Civ. 1454 (ADS) (AKT), 2012 WL 3637585, at* 2 (Aug. 1, 2012) (same), R & R adopted, 2012 WL 3626824 (E.D.N.Y. Aug. 22, 2012); cf. Green, 420 F.3d at 109 (in the context of a motion to vacate a default judgment, the defendants' failure to respond to the complaint or "take action after receiving notice that the clerk had entered a default against them," supported a finding of willfulness).

As described above, Plaintiff properly served Defendants with notice of the action, but they failed to answer the Complaint, request an extension of time in which to respond, or otherwise notify the Court of any intention to participate in this litigation.  See generally, Dkt. The Court thus finds that Defendants deliberately defaulted, establishing the requisite willfulness.

Concerning the second factor, Defendants' failure to respond or appear combined with Plaintiff's efforts to prosecute its case are sufficient to demonstrate that ignoring the default would prejudice Plaintiff, "as there are no additional steps available to secure relief in this Court." Flanagan v. N. Star Concrete Const., Inc., No. 13 Civ. 2300 (JS) (AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014) (quoting Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, No. 06 Civ. 14226 (RLC) (RLE), 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)); Trs. of the Local 7 Tile Indus. Welfare Fund v. Caesar Max Const., Inc., No. 18 Civ. 1339 (FB)(LB), 2019

U.S. Dist. LEXIS 23594, at *19 (Feb. 11, 2019) (same) (collecting cases), R&R adopted, 2019 U.S. Dist. LEXIS 39571 (E.D.N.Y. Mar. 12, 2019). If default judgment is not granted, Plaintiff will have no alternative legal redress to recover the amounts owed under the Mortgage and the Note.

Third, Defendants cannot establish a meritorious defense because, where they have not "filed an answer, there is no evidence of any defense." Bridge Oil, 2008 WL 5560868, at *2 (citing Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)); see State St. Bank & Trust Co. v. Inversions Errzuriz Limitada, 374 F.3d 158, 167 (2d Cir. 2004) ("'In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default, . . . [D]efendant[s] need not establish [the] defense conclusively, but [they] must present evidence of facts that, if proven at trial, would constitute a complete defense.'") (quoting SEC v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998) (citation and internal quotation marks omitted)); Joseph, 970 F. Supp. 2d at 143 ("Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a default judgment.").

As all three factors are satisfied, a default judgment would be proper in the present circumstances if the Complaint were adequately pleaded. This Court considers whether the facts alleged in the Complaint establish Plaintiff's entitlement to foreclose on the Property, to extinguish subordinate liens, and appropriate damages.

## VI. Liability and Damages

The Court must now consider whether the allegations in the Complaint, deemed admitted, establish Defendants' liability.

### A. Plaintiff Has Standing To Bring This Action

Although Avail was not an original party to the Note or the Mortgage, a plaintiff may establish standing in a mortgage foreclosure action "by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." E. Sav. Bank, FSB v. Thompson, 632 F. App'x 13, 15 (2d Cir. 2015) (quoting Wells Fargo Bank, N.A. v. Rooney, 19 N.Y.S.3d 543, 544 (2d Dep't. 2015)). A foreclosing lender can demonstrate a valid transfer of the obligation by written assignment or physical possession. See U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009) ("Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation and the mortgage passes with the debt as an inseparable incident."). The Note and Mortgage were transferred delivered to Avail prior to the commencement of this action, Compl. ¶¶ 12-14, and Avail confirmed that it is the current holder and owner of the Loan Documents. Id. ¶ 14; ECF No. 25-5 ¶ 4.

RPAPL §§ 1304 and 1306 further require certain additional notices to be provided to defendant borrowers and New York State, respectively, as a "condition precedent" to commencing legal foreclosure proceedings. See RPAPL §§ 1304(3), 1306(1). The § 1304 notices must be provided to borrowers "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against . . . borrowers at the property . . ." and must conform to certain form, procedural and substantive requirements. See RPAPL § 1304.

11

The § 1306 notice or notices must be filed "with the superintendent of financial services . . . within three business days of the mailing of the [1304 notice.]" RPAPL § 1306. Here, Plaintiff has pleaded compliance with both of these provisions. See Compl. ¶¶ 16-17. Plaintiff has thus pled sufficient facts showing that it is the owner and holder of the Note and Mortgage, such that it has standing to bring this mortgage foreclosure action. See Gustavia Home, LLC v. Rutty, 785 F. App'x 11, 14 (2d Cir. Sept. 16, 2019) (quoting JPMorgan Chase Nat'l Ass'n v. Weinberger, 142 A.D.3d 643, 644, 37 N.Y.S.3d 286 (2d Dep't 2016)).

### B. Plaintiff Has Not Pleaded Nominal Liability For The ECB

Under New York law, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary party to the action. N.Y. Real Prop. Acts. Law § 1311(3). This rule "derives from the underlying objective of foreclosure actions to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." N.C. Venture I, L.P. v. Complete Analysis, Inc., 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005).

The New York Real Property Actions & Proceedings Law requires that "[w]here the city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property, the complaint shall set forth . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party defendant." Id. § 202-a(1). Detailed facts are shown where the complaint alleges "nominal liability-i.e., that any [liens] the Defaulting Defendants may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien." See

12

Bank of Am., N.A. v. 3301 Atl., LLC, No. 10 Civ. 5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting Christiana Bank & Tr. Co. v. Dalton, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009)).

Although Avail has provided what appears to be an ECB search document based on Ms. Latief's first and last name, this document is insufficient to satisfy the requirement under N.Y. Real Prop. Acts. Law § 202 for "[d]etailed facts" related to the interest in or lien on the Property – rather they show violations against Ms. Latief herself. See N.Y. Real Prop. Acts. Law § 202(1). "Because Plaintiff has failed to provide evidence that the City Entities have liens on the Property, the Complaint does not constitute a legitimate cause of action with respect to the City entities." Spring Homes LLC v. Rivera, No. 14 Civ. 6605 (NG) (PK), 2016 U.S. Dist. LEXIS 109533, 2016 WL 5793196, at *3 (Aug. 16, 2016), R&R adopted, 2016 WL 5716499 (E.D.N.Y. Sept. 30, 2016) (citing Onewest Bank v. Cole, No. 14 Civ. 3078 (FB) (RER), 2015 WL 4429014, at *4 (E.D.N.Y. Jul. 17, 2015)). Liability has not, thus, been established as to Defendant ECB. Id.; Assets Recovery Ctr. Invs., LLC v. Smith, No. 13 Civ. 253 (CBA) (CLP), 2014 WL 3525011, at *12 n.30 (E.D.N.Y. Mar. 12, 2014), R&R adopted, 2014 WL 3528460 (E.D.N.Y. Jul. 15, 2014). This Court respectfully recommends that default judgment against the ECB be denied without prejudice.

### C. The Foreclosure And Sale Of The Property

"Under New York law, a plaintiff is entitled to foreclosure as a matter of law through the production of the mortgage, the unpaid note, and evidence of default." Cole, 2015 U.S. Dist. LEXIS 93382, at *4 (quoting BH99 Realty, LLC v. Qian Wen Li, No. 10 Civ. 0693 (FB) (JO), 2011 U.S. Dist. LEXIS 51621, 2011 WL 1841530, at *3 (Mar. 16, 2011), R & R adopted, 2011

13

U.S. Dist. LEXIS 51618, 2011 WL 1838568 (E.D.N.Y. May 13, 2011)); see E. Sav. Bank, FSB v. Beach, No. 13 Civ. 0341 (JS) (AKT), 2014 U.S. Dist. LEXIS 31700, 2014 WL 923151, at *5 (E.D.N.Y. Mar. 10, 2014) (same); United States v. Leap, No. 11 Civ. 4822 (DRH) (WDW), 2014 U.S. Dist. LEXIS 49450, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."), R & R adopted, 2014 U.S. Dist. LEXIS 48415, 2014 WL 1383139 (Apr. 8, 2014).

Here, Plaintiff has provided the Court with the mortgage, note and allonge. ECF Nos. 1-1 pp. 5-29. Plaintiff has also provided evidence of Ms. Latief's default through the sworn affidavit of Thomas O'Connell, a Senior Vice President of Planet Home Lending LLC, as loan servicer for Avail. ECF No. 25-5. Mr. O'Connell's affidavit avers that Ms. Latief defaulted on the Note beginning on November 1, 2008, and that no subsequent payments were made from then through the date of the affidavit. Id., ¶¶ 5-9.

This is sufficient to establish Plaintiff's prima facie case against Ms. Latief, "and in the absence of any showing to the contrary by any of the defendants, . . . demonstrate[s] its entitlement to a judgment of foreclosure and an award of the amount of the unpaid principal, plus accrued interest." Gustavia Home, LLC v. Derby, No. 16 Civ. 4260 (ENV) (SMG), 2018 U.S. Dist. LEXIS 151203, at *7, 2018 WL 4956719 (Aug. 31, 2018), R & R adopted, 2018 U.S. Dist. LEXIS 80896, 2018 WL 4954110 (E.D.N.Y. Oct. 12, 2018); see Windward Bora LLC v. Baez, No. 19 Civ. 5698 (PKC) (SMG), 2020 U.S. Dist. LEXIS 131546, at *5-6 (E.D.N.Y. July 24, 2020); Freedom Mortg. Corp. v. Michelle Heirs, No. 19 Civ. 1273 (KMK), 2020 WL 3639989,

2020 U.S. Dist. LEXIS 119135, at *8 (S.D.N.Y. July 6, 2020); Cole, 2015 U.S. Dist. LEXIS 93382, at **9-11.

The Proposed Judgment of Foreclosure and Sale provided by Plaintiff appoints a referee, Susan Ellen Rizos, Esq., to sell the mortgaged premises, in one parcel if possible.  ECF No. 25-6. Courts in this Circuit have permitted such appointments where the plaintiff "established a prima facie case by presenting a note, a mortgage, and proof of default."  E. Sav. Bank, FSB v. Evancie, No. 13 Civ. 878 (ADS) (WDW), 2014 U.S. Dist. LEXIS 55423, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) (permitting a referee to be appointed); see Cole, 2015 U.S. Dist. LEXIS 93382, at **11-12 (naming a specific referee to be appointed).  This Court therefore respectfully recommends that Plaintiff's motion be granted as against Ms. Latief, and the Property be foreclosed and sold, with proceeds to be applied against the amounts owed on the Note, as described below.  This Court further recommends that, within twenty one days of this Report and Recommendation, if it is adopted, Plaintiff be required to submit three proposed referees (which may include Ms. Rizos) by letter to the Court, with a brief description for each of their qualifications.

### D.  Damages Due On The Note

The Court will next consider the total amounts owed by Ms. Latief on the Note.  On a motion for default judgment, "any determination of default damages should be determined under the terms of the Note[] and Mortgage[] . . . ."  Builders Bank v. Rockaway Equities, LLC, No. 08 Civ. 3575 (MDG), 2011 U.S. Dist. LEXIS 107409, 2011 WL 4458851, at *5 (E.D.N.Y. Sept. 23, 2011).  Here, as discussed above, Plaintiff has provided both of these documents, as well as an affidavit from Thomas O'Connnell, who reviewed Plaintiff's business records and affirmed that

15

the total amount due on the Note as of April 18, 2019, was $826,610.87. ECF No. 25-5 ¶ 10. Plaintiff reached that total by adding the $482,742.83 in principal owed, the $343,868.83 in unpaid accrued interest as of April 18, 2019, calculated at 6.75% per annum ($89.27 per diem) as provided under the terms of the Note (ECF No. 25-3 ¶ 2) and accruing since October 1, 2008. Id. ¶¶ 6-10. This Court respectfully recommends that judgment against Ms. Latief be entered in the amount of $826,610.87 as of April 18, 2019, with further accrued interest awarded at the per diem rate of $89.27 from April 19, 2019 through December 31, 2019, and at the per diem rate of $89.03 (reduced to account for the 366 days in 2020, a leap year) until the date judgment is entered herein.[3]

As Plaintiff does not seek to recover attorneys' fees, and no requests for costs has been received, this Court respectfully recommends that neither be awarded. ECF No. 25-1; ECF No. 25, generally.

## VII. Reformation of the Legal Description of the Property

Plaintiff also seeks to reform the Mortgage to correct the legal description of the Property, which was apparently missing in its entirety from the Mortgage. Compl., ¶¶ 25-26. "Reformation of a contract is an equitable remedy that 'allows courts to align erroneous legal instruments with the executing parties' intent by transposing, rejecting, or supplying terms to correct or clarify the document.'" U.S. Bank N.A. v. Christian, No. 19 Civ. 427 (CBA) (RML), 2020 U.S. Dist. LEXIS 33136, at *17 (Feb. 25, 2020) R&R adopted, 2020 U.S. Dist. LEXIS 121759 (E.D.N.Y. July 10, 2020) (quoting OneWest Bank, N.A. v. Denham, No. 14 Civ. 5529

---

[3] If judgment should be entered herein after the close of 2020, the per diem rate should be calculated at the former rate of $89.27, as 2021 will not be a leap year.

(DRH) (AKT), 2015 U.S. Dist. LEXIS 126048, at *14 (E.D.N.Y. Aug. 31, 2015) (citations omitted) R&R adopted, 2015 U.S. Dist. LEXIS 125912 (E.D.N.Y. Sept. 21, 2015)). "Mistakes made in the description, quantity, or condition of land may provide a basis for deed reformation." Denham, 2015 U.S. Dist. LEXIS 126048, at **14-15 (citing Hadley v. Clabeau, 140 Misc. 2d 994, 532 N.Y.S.2d 221, 225 (Sup. Ct. 1988) ("It is a well accepted principle of law that an instrument may be reformed for a mutual mistake of fact. The general principle of law has been held to be particularly applicable to the reformation of a deed.")). "Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected." Harris v. Uhlendorf, 24 N.Y.2d 463, 467, 301 N.Y.S.2d 53, 56, 248 N.E.2d 892, 894 (1969) (quoting Born v. Schrenkeisen, 110 N.Y. 55, 59 (1988)) (further citation omitted).

The Mortgage makes reference to a legal description of the property as attached thereto as "Exhibit A," although no such attachment is included as part of Plaintiff's submission of the Mortgage. Compare ECF No. 1-1 p. 7 with id. pp. 4-23. Similarly, the Recording and Endorsement Cover Page filed with the Office of the City Register in the New York City Department of Finance reflects that 19 pages were submitted in connection with this document – presumably the same 19 pages included with Plaintiff's submission of this document to the Court. Id. pp. 4-23. Notably, the Recording and Endorsement Cover Page indicates that the Mortgage was not submitted to the Office of the City Register until over eight years later. Id. p. 4.

The Court's review of the Automated City Register Information System (ACRIS) confirms the proposed legal description provided by Plaintiff matches the description on the deed

17

for the Property filed under CRFN No. 2016000129942, as well as that on the prior mortgage on the Property, filed under CRFN No. 2005000444323.  See Stewart v. Loring Estates LLC, No. 18 Civ. 2283 (MKB) (SMG), 2020 U.S. Dist. LEXIS 33930, at *22 (Feb. 26, 2020) ("Where, as here, a case concerns real property located in the City of New York, the Court may take judicial notice of and consider public documents relating to the real property at issue, such as those available at the [ACRIS] Website.") (citations omitted), R&R adopted Parsaram v. Chi. Title Ins. Co., 2020 U.S. Dist. LEXIS 44503 (E.D.N.Y., Mar. 13, 2020).  This Court thus respectfully recommends that the contracting parties' failure to include the legal description of the Property with the Mortgage be deemed a scriveners' error, and that reformation be granted to correct that error as requested by Plaintiff, such that the real property description at ECF No. 1-1, p. 2 be deemed as an attachment to the Mortgage insofar as it reflects the pre-existing legal descriptions of Lot 23, Block 10294 in Queens, New York.

## VIII. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Judge: (i) order the foreclosure and sale of the Property, and the appointment of the referee to be identified by the Court after additional submissions; (ii) enter a default judgment for damages against Ms. Latief and in favor of the Plaintiff for $826,610.87 as of April 18, 2019, with further accrued interest awarded at the per diem rate of $89.27 from April 19, 2019 through December 31, 2019, and at the per diem rate of $89.03 (reduced to account for the 366 days in 2020, a leap year) until the date judgment is entered herein;[4] (iii) deny Plaintiff's motion as against the ECB; and (iv) to

---

[4] If judgment should be entered herein after the close of 2020, the per diem rate should be calculated at the former rate of $89.27, as 2021 will not be a leap year.

18

reform the Mortgage to include the legal description of the Property provided by Plaintiff in Exhibit A to the Complaint (ECF No. 1-1 p. 2) insofar as it reflects pre-existing legal descriptions of Lot 23, Block 10294 in Queens, New York.

## IX. OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF. The Court will mail a copy of this report and recommendation to Fatama Latief, 111-36 178th Street, Jamaica, New York 11433; Fatama Latief, 21-10 Broadway, 3rd Floor, Long Island City, New York 11106; Fatama Latief, 3562 Mynders Avenue, Apt. 13, Memphis, Tennessee, 38111; Fatama Latief 590 Mount Avenue, West Babylon, New York 11704; and, The New York City Environmental Control Board, 100 Church Street, 1st Floor, New York, New York 10007.

Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: August 14, 2020

    Brooklyn, New York

                                        *Vera M. Scanlon*
                                      VERA M. SCANLON
                                  United States Magistrate Judge