UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
AVAIL 1 LLC,

                Plaintiff,                   **MEMORANDUM AND ORDER**
                                                           17-CV-05841 (FB) (VMS)

  -against-

FATAMA LATIEF and NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD,

                Defendants.
-------------------------------------------------x

**BLOCK, Senior District Judge:**

      Magistrate Judge Scanlon issued a Report and Recommendation ("R&R") recommending that this Court (i) order the foreclosure and sale of 111-36 178th Street, Jamaica, New York ("Property") and appoint a referee to conduct the sale under conditions set out in the proposed Judgment of Foreclosure and Sale[1]; (ii) enter a default judgment for damages against Defendant Latief in favor of the Plaintiff for $826,610.87 as of April 18, 2019, with interest awarded at $89.27/day from April 19, 2019 through December 31, 2019, and at $89.03/day from January 1, 2020 until the date of judgment; (iii) deny Plaintiff's motion as against Defendant ECB; and (iv) to reform the mortgage to include the legal description of the Property provided

---

[1] No later than 21-days from the date of this Memorandum & Order, Plaintiff is to submit a letter via ECF proposing three referees, with a brief description for each referee's qualifications. *See* R&R at 15.

by Plaintiff in Exhibit A to the Complaint (ECF No. 1-1 p. 2) and reflecting pre-existing legal descriptions of Lot 23, Block 10294 in Queens, New York. R&R at 18–19.

The R&R advised that objections were due within fourteen days and warned that "[f]ailure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals." R&R at 20. The R&R was filed on August 14, 2020 and mailed to Defendants on August 18, 2020. Objections to the R&R were due September 2. To date no objections have been filed.

Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will, however, excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts it without de novo review and enters judgment in accordance therewith.

**SO ORDERED**.

                                                                  /S/ Frederic Block
                                                                  FREDERIC BLOCK
                                                                  Senior United States District Judge

Brooklyn, New York
September 21, 2020